## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY<br>555 College Road East<br>Princeton, NJ 08543 | ) ) ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil Action No.:_____ |
| LEMMA HOLDINGS, LLC dba BLISS<br>2122 24th Place, NE<br>Washington, D.C. 20018 | ) ) ) ) |  |
| and | ) ) |  |
| MARTIA CONNER<br>5057 Kimi Gray Court, S.E.<br>Washington, D.C. 20019 | ) ) ) ) |  |
| and | ) ) |  |
| HASSON KENNY TAYLOR<br>64 P Street, N.W., Apt. 22<br>Washington, D.C. 20001 | ) ) ) ) |  |
| Defendants. | ) ) |  |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Princeton Excess and Surplus Lines Insurance Company ("PESLIC"), by and through its undersigned counsel, for its Complaint for Declaratory Judgment against Defendants, Lemma Holdings, LLC dba Bliss ("Bliss"), Martia Conner ("Conner"), and Hasson Kenny Taylor ("Taylor"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment and other relief, brought pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of resolving an actual controversy between the parties regarding their respective rights and obligations under a liability policy that PESLIC issued to

Bliss. In particular, PESLIC seeks a declaration that it owes no defense or indemnity obligation under the subject insurance policy with respect to its purported insureds' alleged liability in an underlying civil lawsuit pending in the Superior Court for the District of Columbia, styled *Martia Conner v. Hasson Kenny Taylor and Bliss Washington DC and Lemma Holdings, LLC and/or Lemma Holdings, LLC t/a Bliss*, Case No. 2018 CA 003854 B (the "Underlying Lawsuit").

## THE PARTIES AND CITIZENSHIP

2.      PESLIC is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Princeton, New Jersey.  PESLIC is authorized to transact business within the District of Columbia as a surplus lines insurer.

3.      Upon information and belief, Bliss is a D.C. limited liability company, with its principal place of business in Washington, D.C.   Bliss's sole member, Henock Andargie ("Andargie"), is believed to be a resident of the District of Columbia.

4.      Upon information and belief, Taylor is a resident of the District of Columbia.

5.      Upon information and belief, Conner is a resident of the District of Columbia and filed the Underlying Lawsuit in the Superior Court for the District of Columbia.  PESLIC seeks no separate relief or judgment against Conner and, rather, seeks only to bind such defendant to any judgment rendered herein.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred within this district, and the Underlying Lawsuit is pending within this district.

## THE UNDERLYING LAWSUIT

8.      On May 30, 2018, Conner filed the Underlying Lawsuit. (A true and correct copy of the Complaint, filed May 30, 2018, is attached hereto as Exhibit 1.)

9.      According to the Complaint, Conner was an invitee and customer at Bliss, a bar and nightclub, on or about July 4, 2015.

10.     Conner alleges that she became inebriated during her time at Bliss.

11.     Conner alleges that, at some point during the evening, she encountered Taylor, who was working as security at Bliss.

12.     Conner alleges that Taylor, recognizing her inebriated state, led Conner into a bathroom where he sexually assaulted her without her consent.

13.     Conner alleges that Bliss negligently failed to provide adequate and reasonable protection for Conner or other patrons, otherwise negligently failed to provide adequate security to protect against sexual assaults, and failed to supervise Taylor or take proper steps to discover Taylor's work and criminal history.

14.     Conner alleges that, as a result of the above-described negligence, she was sexually assaulted.

15.     Conner claims that, as a result of the sexual assault, she suffered lost wages and/or lost earning capacity, disfigurement and scarring, pain, suffering, discomfort, mental anguish, and associated "non-economic" damages.

16.     By way of relief, Conner seeks $2 million in compensatory damages, plus interest, costs, and other allowable fees.

## PESLIC'S PRELIMINARY CLAIMS-HANDLING

17.     Bliss did not provide notice to PESLIC of the underlying sexual assault incident for nearly 20 months.

18.     On February 23, 2017, Bliss forwarded a February 13, 2017 attorney's letter sent on behalf of Conner, which demanded information regarding Bliss's liability insurance and threatened a lawsuit.

19.     On March 16, 2017, PESLIC, through its third-party claims administrator, York Risk Services Group, Inc. ("York"), sent a letter to Bliss acknowledging receipt of first notice of the incident and reserving rights while PESLIC's investigation of the facts and relevant insurance coverage issues was ongoing.

20.     PESLIC received notice of the Underlying Lawsuit on or about June 15, 2018.

21.     On July 3, 2018 and July 19, 2018, PESLIC, through York, sent letters to Bliss and Taylor, respectively, agreeing to provide Bliss and Taylor with a defense in the Underlying Lawsuit pursuant to a reservation of rights.

22.     An actual, present, and justiciable controversy has arisen and now exists between PESLIC, Bliss, and Taylor regarding their respective rights, duties, and obligations under the subject PESLIC Policy, including whether PESLIC has any defense or indemnity obligations thereunder based on the facts alleged in the Underlying Lawsuit.

## THE PESLIC POLICY

23.     PESLIC issued Policy No. 1RA3GL0000229-00 to Bliss for the policy period December 23, 2014 to December 23, 2015 (the "PESLIC Policy").  (A true and correct copy of the PESLIC Policy is attached hereto as Exhibit 2.)

24.     The PESLIC Policy provides Commercial General Liability insurance under ISO Form CG 00 01 12 04 and contains liability limits of $1 million each occurrence, $1 million assault & battery, and $2 million general aggregate.

25.     The Policy provides the following, in relevant part:

**ASSAULT AND/OR BATTERY—LIMITED COVERAGE**

In consideration of the additional premium paid and evidenced on the Supplementary Declarations page:

*      *      *

3.   Section I - Coverages, Coverage A, 2. Exclusions, a. is deleted in its entirety and replaced with the following exclusion:

    a.   Expected or Intended Injury
       "Bodily injury" or "property damage" expected or intended from the standpoint of any insured, or its "employees", patrons, customers, agents or any other person.

4.   Subject to the liability limits set forth below in item number 6, this insurance applies to any loss, claim, "suit", cost, expense, or liability for damages, directly or indirectly based on:

    a.   actual, alleged, threatened, provoked or unprovoked assault and/or battery, sexual assault, sexual attack or rape whether caused by or at the instigation of or direction of any insured, its "employees", patrons, customers, agents or any other person; or
    b.   failure of any insured or anyone else for whom any insured is or ever was legally responsible to prevent or suppress assault and/or battery or the failure to provide a safe environment; or
    c.   employment, investigation, supervision, training, reporting of or retention of a person for whom any insured is or ever was legally responsible and whose conduct is included in 4(a) or 4(b) above.

5.   Solely as respects to the coverage provided by this endorsement, "SUPPLEMENTARY PAYMENTS —COVERAGES A AND B" are excluded.

6.   Payment for judgments, settlements, defense costs, claim(s) or "suit(s)" to which this endorsement relates shall not exceed the limits of liability stated below:
    For Each Occurrence:      1,000,000.
    In the Aggregate:        1,000,000.00

7.   These limits are included in, and not in addition to, the Limits of Insurance shown on the Declaration Page of this policy. When the aggregate limit set forth in number 6 above has been exhausted, any duty to defend and/or indemnify immediately ends for any claim or "suit" already received and no further payments shall be made for any claim or "suit" related to this endorsement. "Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments, settlements or defense costs." Defense costs are defined as all internal and external costs of any nature associated with the administration, handling, investigation and defense of a claim or "suit."

Except as provided herein, all other terms, conditions, provisions, exclusions and endorsements of this policy remain the same and applicable.

26.    The PESLIC Policy defines the scope of who qualifies as an insured thereunder as follows:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

*       *       *

    c.  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

*       *       *

2. Each of the following is also an insured:

    a.  … your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

*       *       *

27.    The PESLIC Policy contains the following relevant condition precedent to coverage:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

2.    **Duties In The Event of Occurrence, Offense, Claim Or Suit**

    a.  You must see to it that we are notified as soon as practicable of any "occurrence" or offense which may result in a claim.  To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;
        (2)    The names and addresses of any injured persons and witnesses; and
        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

*       *       *

28.    The PESLIC Policy contains the following definitions:

**SECTION V – DEFINITIONS**

5.    "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

*       *       *

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*          \*          \*

14.     "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

\*          \*          \*

## COUNT I – DECLARATORY RELIEF
### (Breach of the Notice Condition of the PESLIC Policy)

29.     PESLIC restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

30.     Within one week of the sexual assault, Washington D.C. police visited Bliss to request surveillance footage taken at the club on July 4, 2015.

31.     Bliss, through its owner (Andargie), security personnel, and other representatives and employees, was aware of the commencement of a criminal investigation with respect to the sexual assault within one week of the incident having taken place.

32.     The Washington D.C. police informed Andargie at that time that they were investigating an incident involving a Bliss employee.

33.     Andargie learned that the employee was Taylor, and placed him on leave until the investigation was completed.

34.     Shortly thereafter, Bliss fired Taylor.

35.     The sexual assault of Conner was sufficiently serious as to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages.

36.     Bliss should reasonably have perceived its alleged failures to ensure the safety of its patrons on its premises during business hours, which resulted in a sexual assault, to be a reportable "occurrence" within the meaning of the Policy.

37.    Bliss should reasonably have believed that it would likely be subject to a claim arising from the sexual assault of one of its patrons on its premises during business hours.

38.    Despite having knowledge, dating back to July 2015, of an ongoing criminal investigation involving one of its employees and a patron, Bliss waited approximately 20 months, to and including February 23, 2017, before finally notifying PESLIC of the incident and of Bliss's alleged negligence in connection therewith.

39.    Under the facts and circumstances described herein, a 20-month delay in notifying PESLIC of the underlying "occurrence" was unreasonable, and constitutes a breach of the notice condition of the PESLIC Policy.

40.    Compliance with the notice provision of the PESLIC Policy is a contractual precondition to coverage, and Bliss's failure to timely notify PESLIC of the "occurrence" releases PESLIC from any obligation or liability under the PESLIC Policy.

## COUNT II – DECLARATORY RELIEF
### (Taylor is Not an Insured under the PESLIC Policy)

41.    PESLIC restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

42.    PESLIC's coverage obligations are limited to the defense and indemnification of certain persons or entities who qualify as insureds under the Policy.

43.    Bliss "employees" are insureds under the Policy only for acts within the scope of their employment by Bliss or while performing duties related to the conduct of Bliss's business.

44.    "Employee" includes a "leased worker," but does not include a "temporary worker." "Temporary worker" means a person who is furnished to the Named Insured to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

45.     Upon information and belief, Taylor was an on-call special events staff employee, which would qualify Taylor as a "temporary employee" under the PESLIC Policy.

46.     Even if Taylor is considered an "employee," his actions still must be deemed to have been within the scope of his employment or to have been performed in the conduct of Bliss's business for liability to arise.

47.     Sexual assault is in no way within the scope of Taylor's employment or in furtherance of Bliss's business.

48.     Taylor was hired to move equipment and assist with crowd control.

49.     Based on the allegations of the Complaint, Taylor was not assisting with removing Conner from Bliss or conducting any of the activities for which he was hired.

50.     Further, Taylor's violent sexual assault suggests a personal, rather than a business-related, motive.

51.     Accordingly, Taylor does not qualify as an insured "employee" and, even if he does qualify as an "employee," his actions (violent sexual assault) were not within the scope of his employment with Bliss.

## COUNT III – DECLARATORY RELIEF
### (Recoupment of Defense Costs)

52.     PESLIC restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

53.     By letters dated July 3, 2018 and July 19, 2018 sent to Bliss and Taylor, respectively, PESLIC's third-party administrator advised the insureds of PESLIC's agreement to provide them each with a defense in the Underlying Lawsuit subject to a reservation of rights.

54.     The letters expressly reserved PESLIC's right to seek reimbursement of the fees and costs incurred in connection with the insureds' defense in the Underlying Lawsuit.

55.     PESLIC has incurred, and will continue to incur, legal fees and expenses relating to the defense of the Underlying Lawsuit.

56.     To the extent it is later determined that there is no coverage available to the insureds under the PESLIC Policy, PESLIC is entitled to reimbursement of all costs and expenses incurred in PESLIC's defense of the insureds from July 3, 2018 (as to Bliss) and July 19, 2018 (as to Taylor) going forward.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Princeton Excess and Surplus Lines Insurance Company, respectfully requests that this Court enter judgment in its favor, and against Bliss and Taylor, as follows:

(a)     Declaring that Bliss's notice to PESLIC of the underlying sexual assault "occurrence" was unreasonably late as a matter of law;

(b)     Declaring that Bliss's unreasonably late notice of the underlying sexual assault "occurrence" constitutes a breach of the notice provision of the Policy, and relieves PESLIC of any obligation or liability under the Policy relative to the defense or indemnity of Bliss or Taylor in the Underlying Lawsuit;

(c)     Declaring that PESLIC is entitled to recoupment of defense costs and expenses incurred on behalf of the purported insureds in the Underlying Lawsuit from July 3, 2018 (as to Bliss) and July 19, 2018 (as to Taylor) going forward;

(d)     Awarding PESLIC its attorneys' fees, costs, and disbursements in prosecuting this action; and

(e)     Granting PESLIC any other and further relief as this Court deems just and appropriate.

Dated: July 30, 2018                    Respectfully submitted,

                                        /s/ Paul S. Schleifman
                                        Paul S. Schleifman (D.C. Bar No. 367206)
                                        SCHLEIFMAN LAW, PLC
                                        1600 Wilson Boulevard, Suite 905
                                        Arlington, VA 22209
                                        Telephone:  (703) 528-1021
                                        Email:  pschleifman@schleifmanlaw.com

Jordon S. Steinway*
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, IL 60606
Telephone:  (312) 762-3169
Email:  jsteinway@batescarey.com
*Pro Hac Vice Admission Pending

Counsel for Princeton Excess and Surplus
Lines Insurance Company